87 F.3d 1326
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patsy Hoy YARBROUGH, Plaintiff-Appellant,
v.
Barbara D. JOHNSON, Judge; Christine Gregoire; James Mead;
Dennis Hunter; Lou Braasladt, Officer; et al.,
Defendants-Appellees.
 No. 94-36130.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 7, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * OVERVIEW
 
 
 3
 Patsy Hoy Yarbrough ("Yarbrough") appeals the district court's summary judgment dismissal of her 42 U.S.C. § 1983 action against a Washington state judge; the Washington Attorney General ("AG") and Assistant Attorney General ("AAG"); members of the Vancouver, Washington, Police Department ("PD"); agents of the State of Washington Department of Social and Health Services ("DSHS"); a Clark County Deputy Prosecuting Attorney; and various individuals who acted as witnesses in proceedings against her. Yarbrough alleges that the defendants harassed her and searched her home illegally with the object of shutting down her unlicensed adult care facility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 II
 
 4
 A grant of summary judgment is reviewed de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), and may be affirmed on any ground supported by the record. Rhoden v. United States, 55 F.3d 428, 431 n. 3 (9th Cir.1995).
 
 
 5
 Neither Yarbrough's brief on appeal, nor her papers below--her affidavit and her legal memoranda, including her response to defendants' motion for dismissal (to which she refers in her brief)--raise a triable issue of material fact.
 
 
 6
 Yarbrough has presented no evidence that any of the public defendants acted at any time outside the scope of their duties. RCW § 70.128.057 specifically authorizes DSHS to bring actions upon the advice of the AG's office seeking, inter alia, injunctions and civil penalties to restrain or prevent the unlicensed operation of adult family homes. RCW § 70.128.090 authorizes DSHS to inspect adult family homes, including the grounds and premises, and to interview residents. RCW § 18.51.091 states that inspections are to be made without providing advance notice. RCW § 43.10.030 authorizes the AG's office to institute and prosecute actions for the state; RCW § 43.10.040 authorizes the AG's office to represent the state in legal matters. Yarbrough has not shown that any of these statutes were violated by any of the parties defendant.
 
 
 7
 Warrants for the Edgewood Street and Camas searches were properly provided on the basis of numerous affidavits from citizens, social workers, and from the AAG, detailing his investigation, and did not fail to identify, as alleged, "the place to be searched or the persons or things to be seized." The addresses were clearly stated, and no persons or things were to be seized, or were seized.
 
 
 8
 The Uniform Building Code is not applicable to the searches or inspections at issue here.
 
 
 9
 Mark Martell, Martin Siekerski and Shirley Kolbuss are private persons who provided information to public officials and testified as witnesses in court proceedings against Yarbrough. Witnesses who testify in judicial proceedings are absolutely immune from liability. Briscoe v. Lahue, 460 U.S. 325, 337. Persons who merely report activities to public officials are not liable as actors behaving under color of state law for purposes of § 1983 liability. Dezell v. Day Island Yacht Club, 796 F.2d 324 (9th Cir.1986).
 
 
 10
 Because Yarbrough has raised no triable issues of material fact or demonstrated any legal error on the part of the district court, we affirm the district court's summary judgment in defendants' favor.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3